IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SIDI OTHMAN NACIRI MAJD,

        Plaintiff,

   vs.                            No. CIV 10-44 JCH/LFG

WARDEN TERRY, et al.,

        Defendants.

**ORDER DIRECTING SUBMISSION**
**OF MARTINEZ REPORT**

      THIS MATTER is before the Court on a *pro se, in forma pauperis* civil rights action brought under 42 U.S.C. § 1983. [Doc. 1].  Plaintiff Sidi Othman Naciri Majd[1] ("Majd"), a citizen of Morocco and a Muslim, was an immigration detainee at the Otero County Processing Center ("OCPC") at the time of the incidents alleged in his Complaint, and he was incarcerated at the time he filed the Complaint.  Majd was released from custody on May 14, 2010 and currently resides in Hartford, Connecticut. [Docs. 6, 12].

      Majd's civil rights Complaint consists of two "form complaints" that were filed as one document.  They are essentially the same, and the Court addresses both.  Defendants are Warden Terry and Assistant Warden Frawner.  [Docs. 1, 7].  In his Complaint, Majd makes four allegations of constitutional violations:

           (1) On April 9, 2009, he was illegally strip searched along with other inmates in an atmosphere of "yelling, screaming, humiliation and torture" in the presence of Defendant Terry;

           (2) The meals he was served were cold, and were not halal as is required by his religious beliefs, and Defendants Terry and Frawner responded to his complaints by saying that cold meals are allowed by ICE/NDS standards and that "we choose our religion";

           (3) He was not allowed to perform his religious prayer rituals in that officers interrupted Friday services and told him he could not pray in the corner of the dorm after 10:30 p.m.;

---

[1]Elsewhere in the record, Plaintiff's name is given as Sidi Othman Majd Naciri.

(4) He was forced to use "wide open" bathroom and shower facilities which failed to provide the bodily privacy required by his religious beliefs.

Defendants filed their Answer [Doc. 12] on November 8, 2010, denying the allegations and setting forth affirmative defenses.

The Court may order a defendant in a case brought by a prisoner proceeding *pro se* to submit a special report, a Martinez report, to investigate the incidents which form the basis for Plaintiff's lawsuit. Martinez v. Aaron, 570 F.2d 317, 320 (10th Cir. 1978). The Tenth Circuit has authorized the Court to require a Martinez report to develop the factual or legal basis for determining whether an inmate has a meritorious claim. *See, e.g.*, Gee v. Estes, 829 F.2d 1005, 1007 (10th Cir. 1987).

The report may be used in a variety of procedural situations, including a motion for summary judgment. If a Martinez report is used for summary judgment purposes, however, Plaintiff must be given an opportunity to present conflicting evidence to controvert the facts set out in the report.

To assist the Court in evaluating the issue of exhaustion and the merits of Majd's civil rights complaint, Defendants are directed to prepare a report addressing the following matters:

1.   Describe the grievance requirements, procedures, and policies at OCPC with respect to Majd's claims.

   a.   State whether Defendants concede that Majd exhausted administrative remedies with respect to his claims. If not, explain how he failed to exhaust administrative remedies.

   b.   Provide copies of the pertinent policies/procedures and legible copies of all grievances, complaints, or grievance appeals submitted by Majd regarding the allegations summarized above. Provide copies of OCPC's responses to any such complaints, grievances or appeals with respect to the pertinent claims.

2.   Provide all documentation or investigation related to the alleged strip search conducted on or about April 9, 2009. Describe who was present during the alleged strip search and what occurred, including the location of the strip search, date and time, length of the incident, reasons for the search, and result of the search.

   a.   Provide copies of the pertinent policies/procedures/regulations concerning strip searches of inmates at OCPC.

   b.   Provide any medical records of Majd's resulting from this alleged incident.

   c.   Describe any involvement by Defendants in this alleged incident.

3.      Regarding Majd's complaints about meal service violating his religious beliefs:

    a.      Describe the meals Majd is entitled to receive based on his religious beliefs as a Muslim.

    b.      Provide copies of all policies, procedures, rules or regulations concerning the meals an inmate is entitled to receive based on religious beliefs.

    c.      Majd alleges that he was served cold meals throughout his stay at OCPC.  Is there any policy requiring hot meals for all inmates, or for inmates who adhere to Islam?

    d.      Respond to Majd's allegation that his complaints about the lack of halal food and cold meals were met with statements by Defendants that halal is not necessary, that food items are not to be cooked, and that "we choose our religion and that is the aftermath of that."

4.      Regarding Majd's allegation that OCPC officers interfered with his prayer practices and religious rituals:

    a.      Provide copies of OCPC policies and procedures setting forth inmates' rights to religious services and time for communal and private prayer.

    b.      Respond to Majd's allegation that Friday religious services for Muslims were routinely interrupted on false premises, and describe any involvement by Defendants in such interruptions.

    c.      Respond to Majd's allegation that he was told by a corrections officer that he could not pray in a corner of the dorm after 10:30 p.m, and describe any involvement by Defendants in this incident or incidents.  Supply copies of any policy, procedure, rule or regulation so stating, give the rationale for any such rule, and describe how OCPC accommodates inmates whose religion requires prayer after the designated time.

5.      Regarding Majd's allegation that his religious beliefs were violated when he was forced to use bathroom and shower facilities which lack privacy:

    a.      State whether Majd's description of the bathroom and shower facilities is accurate.  He alleges that "The bathroom and showers are wide open with no privacy measures available to us.  We Muslims have to have our privacy in the shower and bathrooms."

    b.      Describe how OCPC accommodates inmates whose religion requires privacy while performing personal grooming, bathing and bathroom functions.

    c.      Supply copies of any policies, procedures, rules or regulations pertinent to this allegation.

    d.      Describe any involvement by Defendants in ensuring that bathroom and shower facilities at OCPC are designed and/or operated to accommodate inmates' religious beliefs with respect to bodily privacy.

6.      Provide any and all legal arguments in support of Defendants' affirmative defenses or as to why dismissal of Majd's claims is warranted.

Defendant's <u>Martinez</u> report must address each point set out above.  Documents in support of the report may be submitted simultaneously with the report, but the submission of documents alone, or documents submitted with an index but without an accompanying report, will not be in compliance with this order.  Defendants may submit affidavits in support of the report, if necessary.

The report shall be filed and served on or before January 10, 2011.  Majd will have 30 days from the date of service of the <u>Martinez</u> report to respond.   The parties are hereby given notice that the report may be used in deciding whether the grant summary judgment on Majd's civil rights complaint.  Thus, the parties should submit whatever materials they consider relevant to the claims. *See*, <u>Hall v. Bellmon</u>, 935 F.2d 1106 (10th Cir. 1991).

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge